UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH SCOTT NEPRAS,<br><br>               Petitioner,<br>    v.<br><br>MARY E. ROBNETT,<br><br>               Respondent. | Case No. 3:25-cv-05428-BJR-TLF<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for   December 9, 2025 |

      Petitioner Kenneth Scott Nepras, *pro se,* initiated this action on May 16, 2025, by filing an application to proceed *in forma pauperis* ("IFP") and a proposed federal habeas petition. Dkt. 1. As petitioner has failed to respond to this Court's second order to show cause, failed to cure his IFP application or pay the filing fee and failed to keep the Court advised of his current address, the Court recommends dismissing this action without prejudice.

      On May 16, 2025, the Clerk of Court issued a "notice of filing deficiency" to petitioner stating that his filing was deficient and directing him to correct the deficiency by submitting a certified copy of his prison trust account statement showing transactions for the last six months by June 16, 2025. Dkt. 4. The notice stated that the failure to correct the deficiencies "may affect the status of your case, including dismissal of the action by the Court." *Id.*

      The deadline for petitioner to cure his filing deficiency passed and the Court had not received a certified copy of his prison trust account statement or a filing-fee payment

REPORT AND RECOMMENDATION - 1

from him. Accordingly, by order to show cause dated July 2, 2025, the Court ordered that by July 24, 2025, petitioner must either:

1. File a certified copy of his prison trust account statement showing transactions for the last six months; or
2. Pay the $5.00 filing fee.

On July 24, 2025, petitioner filed a letter stating that "I give or/grant full authorization to withdraw the $5.00 filing fee from my commissary account to complete the filing of my federal habeas corpus filed on May 16, 2025[.]" Dkt. 6. However, it appears that this letter was directed only to the Clerk of the Court and not to officials at the facility where petitioner is currently housed. *Id.* Accordingly, the Court issued a second order to show cause ordering that by September 25, 2025, petitioner must either:

1. File a certified copy of his prison trust account statement showing transactions for the last six months; or
2. Pay the $5.00 filing fee.

Dkt. 7. The Court further advised petitioner that the Court was unable to withdraw funds directly from petitioner's account and petitioner must contact officials at the facility where he is housed regarding authorizing and sending the required funds for payment of the filing fee. *Id.* The Court advised that if petitioner failed to complete one of the above requirements by the stated deadline, the undersigned would recommend this action be dismissed for failure to properly prosecute and for failure to comply with a court order. *Id.*

REPORT AND RECOMMENDATION - 2

On September 22, 2025, the Court's second order to show cause was returned to the Court as undeliverable. Dkt. 8.

A party proceeding *pro se* shall keep the Court and opposing parties advised as to their current mailing address. Local Rules, W.D. Wash. LCR 41(b)(2). If mail directed to a *pro se* plaintiff by the Clerk is returned by the Postal Service, and if such plaintiff fails to notify the Court and opposing parties within 60 days thereafter of their current mailing address, the Court may dismiss the action without prejudice for failure to prosecute. *Id.*

Here, petitioner has not responded to the Court's second order to show cause directing him to either pay the filing fee or cure his IFP application. Petitioner has not filed anything in this case since July 15, 2025. *See* Dkt. 6. And, he has not provided the Court with his current address. More than 60 days as passed since a mailing directed to petitioner was returned by the Postal Service.

As petitioner has failed to prosecute this case and failed to comply with the Court's Local Civil Rules, the Court recommends this case be dismissed without prejudice. A proposed order and proposed judgment are attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is

REPORT AND RECOMMENDATION - 3

directed to set the matter for consideration on **December 9, 2025**, as noted in the caption.

Dated this 24th day of November, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4